IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICARDO LAWSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-14-CV-164-XR |
| | § | |
| OFFICER ADRIAN MARTINEZ, SAN ANTONIO POLICE CHIEF WILLIAM MCMANUS, AND THE CITY OF SAN ANTONIO, | § § § § | |
| | § | |
| *Defendants*. | | |

**ORDER**

On this date the Court considered the Magistrate Judge's Memorandum and Recommendation (docket no. 93) concerning: 1) City of San Antonio's Motion for Summary Judgment (docket no. 75), 2) Officer Adrian Martinez's and San Antonio Police Chief's Motion for Summary Judgment (docket no. 79), 3) Ricardo Lawson's Motion for Summary Judgment (docket no. 85), 4) Lawson's Motion for Leave to File Amended Complaint (docket no. 83), and Lawson's Motions for Appointment of Counsel (docket nos. 81 and 89).  The Magistrate Judge recommends Lawson's motion for leave to file an amended complaint be denied as moot, Defendants' motions for summary judgment be granted, and Lawson's motion for summary judgment and motions for appointment of counsel be denied.

When a party objects to the Magistrate Judge's report and recommendation, the Court is required to conduct a *de novo* review.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  However, when no objections

are filed, the Court reviews the recommendation to determine whether it is clearly erroneous. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). The Magistrate Judge's recommendation was mailed by certified mail on March 26, 2015, and was received on March 30, 2015. No objections have been filed in this case and the time for doing so has expired. Therefore, the Court reviews for plain error.

The Court has reviewed the Report and Recommendation and finds that it is neither clearly erroneous nor contrary to law. *Wilson,* 864 F.2d at 1221. The Court notes that the Magistrate Judge recommends granting summary judgment on Lawson's Fourth Amendment excessive force claim because Lawson's injury was *de minimis*. *See* docket no. 93 at 13-14. "To prevail on an excessive force claim, a plaintiff must establish: (1) injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Ramirez v. Knoulton*, 542 F.3d 124, 128 (5th Cir. 2008). If a plaintiff's injury is *de minimis*, the plaintiff has not satisfied the injury prong of the analysis and the excessive force claim fails. The Magistrate Judge found that Lawson's injuries were *de minimis* and thus did not analyze the final two elements of the excessive-force test.

The Court adds that even if Lawson's injuries were not *de minimis*, any injury he did suffer resulted from a reasonable use of force that was not "clearly excessive." Lawson claims he "never resisted" Martinez, but he pled *nolo contendre* to resisting arrest for this same incident. *See* docket nos. 85-1 and 79-3. Lawson does not specifically deny refusing to stand as ordered or elbowing Martinez in the stomach in his affidavit. Docket no. 85-1. Lawson's description of Martinez's actions that might have led to any "choke" with

Martinez's left arm is consistent with Martinez's description; namely that Martinez "grabbed [Lawson's] neck from behind and dragged him away from the crowd." *See* docket nos. 79-2 (Martinez's Affidavit) and 85-1.  Any grabbing by the neck and moving Lawson away from the crowd while he was not fully cooperative to get him properly detained in a less dangerous position for the Officer, which results in an incidental, accidental, and brief choke with no lasting injuries is a reasonable use of force that was not clearly excessive.  Lawson's excessive force claims do not survive summary judgment.

Accordingly, the Court ACCEPTS the Magistrate Judge's recommendation and ORDERS that:

1) Defendant City of San Antonio's Motion for Summary Judgment (docket no. 75) and Defendants Officer Adrian Martinez's and San Antonio Police Chief's Motion for Summary Judgment (docket no. 79) are GRANTED;

2) Plaintiff's Motion for Summary Judgment (docket no. 85) is DENIED;

3) Plaintiff's Motion for Leave to File Amended Complaint (docket no. 83) is DENIED AS MOOT because his proposed amendments were unnecessary;

4) Plaintiff's Motions for Appointment of Counsel (docket nos. 81 and 89) are DENIED; and

5) Plaintiff's case is DISMISSED.  The Clerk is instructed to enter judgment according to Rule 58 and close the case.

It is so ORDERED.

SIGNED this 27th day of April, 2015.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE